UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS J. MOORE,<br><br>*Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP,<br><br>*Defendant.* | Case No. 1:22-cv-00010-AMP |

REPLY IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

Plaintiff relies on the Court's recent opinion in *Blassingame v. Trump* and its related cases in opposing President Trump's motion to dismiss. *See* Mem. Op. & Order at 23–26, *Blassingame v. Trump*, No. 21-858 (D.D.C. 2022), ECF No. 37. As he correctly notes, those cases are on appeal. *Blassingame et al. v. Trump*, No. 22-5069 (D.C. Cir. 2022). The Court should not rely on the decision in the related cases, however, because it is incorrect. Indeed, the Court declined to follow the Supreme Court's clear dictates from *Nixon v. Fitzgerald,* 457 U.S. 731 (1982), and instead cited *Clinton v. Jones,* 520 U.S. 681 (1997), in concluding that presidential immunity is strictly functional in nature. *Id* at 26-27.

In truth, *Clinton v. Jones* sheds very little light on the dispute before the Court today. The subject of that suit was Paula Jones's allegations that Bill Clinton sexually assaulted her. *Id*. at 685. That conduct is easily classified as unofficial both because of the purely private or unofficial nature of the alleged action—sexual assault—and the timing—it indisputably took place before Clinton assumed the office of President.

1

Although, as the *Blassingame* decision noted, the *Fitzgerald* court held that presidential immunity is "a *functionally* mandated incident of the President's unique office, rooted in the constitutional tradition of the separation of powers," the substance of *Fitzgerald*'s reasoning described a broader immunity. *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). The Court rejected "an inquiry into the President's motives," which would be unavoidable "under the kind of 'functional' theory asserted both by respondent and the dissent." *Id.* at 756.

The *Fitzgerald* Court reasoned that because the President holds such "a unique office" in our system of government, and because "[t]here are incidental powers, belonging to the executive department, which are necessarily implied from the nature of the functions confided to it," *id.* at 748-49, the functions merge into a capacious immunity sufficient to cover most of the activity of a President so long as he undertakes the activity as President. This far broader interpretation is aptly, albeit critically, explained by the dissent, which bemoans that the majority abandoned the stricter functional approach. *Id.* at 770 (White, J., dissenting). The dissent's preference is the too narrow interpretation employed by the district court in *Blassingame*.

On January 6, 2021, Donald Trump was the sitting President of the United States and he appeared at the rally in his capacity as President. This was far from a private or unofficial action. He spoke to supporters about the state of the nation, election integrity, and the Constitution. His actions were well within the "outer bounds" of presidential activity that is covered by immunity as currently defined by

the Supreme Court. The *Blassingame* opinion presented an interpretation of functional immunity that failed in *Fitzgerald*.

Dated: March 31, 2022                                  Respectfully submitted,

                                                       */s/ Jesse R. Binnall*
                                                       Jesse R. Binnall (VA022)
                                                       BINNALL LAW GROUP, PLLC
                                                       717 King Street, Suite 200
                                                       Alexandria, Virginia 22314
                                                       Phone: (703) 888-1943
                                                       Fax: (703) 888-1930
                                                       Email: jesse@binnall.com

                                                       *Attorney for Donald J. Trump*

## CERTIFICATE OF SERVICE

I certify that on March 31, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for Donald J. Trump*