IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*,<br><br>                  *Plaintiffs*,<br><br>    v.<br><br>DONALD J. TRUMP *et al.*,<br><br>                  *Defendants*. | Case No. 21-cv-00400 (APM) (lead case)<br><br>*Consolidated with* Case Nos.<br>    21-cv-00586 (APM)<br>    21-cv-00858 (APM)<br>    21-cv-02265 (APM)<br>    22-cv-00010 (APM)<br>    22-cv-00011 (APM)<br>    22-cv-00034 (APM)<br>    23-cv-00038 (APM) |

**JOINT CASE STATUS REPORT**

Pursuant to the Court's June 26, 2025, Minute Order, the undersigned parties have conferred and jointly prepared the following Joint Status Report.[1]

**I.    Issues Specific to the *Smith* Action**

The discussion below provides updates regarding the status of discovery in the *Smith* action since August 15, 2025. The Joint Status Report filed on August 15, 2025 (*Lee* ECF No. 193; *Smith* ECF No. 424) sets forth the status of discovery as of that date.

---

[1] Plaintiffs sent a draft of this report, via email, to Defendants Donald J. Trump, Donald J. Trump for President Inc., Make America Great Again PAC, Alan Hostetter, Derek Kinnison, Felipe Antonio Martinez, Kelly Meggs, Ronald Mele, Dominic Pezzola, Zachary Rehl, Elmer "Stewart" Rhodes III, Enrique Tarrio, and Erik Scott Warner. Defendants Trump, Kinnison, Martinez, Pezzola, Rehl, Rhodes, and Warner did not contribute to this report. Plaintiffs sent a draft of this report, via email, to the United States of America, but did not receive a response before the government shutdown and resulting furloughs beginning on October 1. Plaintiffs do not have email addresses for Defendants Joseph Biggs or Ethan Nordean, and thus did not send them a copy of this draft report. However, Plaintiffs will serve the filed version of the Status Report on these and other Defendants per the Certificate of Service.

### A. *Smith* Plaintiffs' Discovery Requests

#### 1. Discovery with the Campaign Entity Defendants

On August 26, 2025, Plaintiffs submitted their brief in opposition to Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC's (the "Campaign Entity Defendants") Motion to Sustain Asserted Privileges concerning the Campaign Entity Defendants' privilege assertions over communications and documents shared with White House Officials and Republican officials. *Smith* ECF No. 427. On September 2, 2025, the Campaign Entity Defendants filed their reply brief. *Smith* ECF No. 430. Briefing on the Campaign Defendants' motion is now complete. On September 8, 2025, Plaintiffs filed a notice and request for oral argument on the motion. *Smith* ECF No. 432.

Separately from the above-referenced privilege issues that have been briefed before the Court, on August 15, 2025, the Campaign Entity Defendants confirmed that they stood on the redaction and privilege assertions in their thirteenth and fourteenth document productions. On August 22, 2025, the Campaign Entity Defendants provided their most recent supplemental production of documents. The *Smith* Plaintiffs are reviewing and reserve all rights with respect to the Campaign Entity Defendants' privilege and confidentiality assertions as to their most recent production of documents.

#### 2. Discovery with Defendant Tarrio

During the August 19, 2025, status conference, the Court granted permission for the *Smith* Plaintiffs to move to compel Defendant Tarrio to respond to their discovery requests. On September 9, 2025, the *Smith* Plaintiffs filed the motion to compel. *Smith* ECF No. 434. Defendant Tarrio filed his opposition, which was due September 23, 2025, on September 30, 2025. *Smith* ECF No. 436. The *Smith* Plaintiffs' reply is due October 10, 2025.

      **3.**      **Motion to Compel Defendants Martinez, Warner, Kinnison, Nordean, Biggs, and Meggs to Respond to Discovery Requests and Serve Initial Disclosures**

The *Smith* Plaintiffs moved to compel against Defendants Martinez, Warner, Kinnison, Nordean, Biggs, and Meggs on July 11, 2025. *Smith* ECF No. 409. The motion became fully briefed on August 5, 2025, *Smith* ECF No. 414, with additional submissions filed by Defendant Meggs on August 6 and August 13, 2025, *Smith* ECF Nos. 415, 421, and another filing by Defendant Hostetter on August 5, 2025, *Smith* ECF No. 416, which Plaintiffs responded to on August 8, 2025. *Smith* ECF No. 417.

      **4.**      **Discovery with Defendant Mele**

Mr. Mele states that his Motion for Summary Judgment remains pending before the Court. Additionally, he states he has submitted objections to the discovery requests and has produced the documents available to him within the applicable deadline. Mr. Mele states these actions were taken in good faith and in full compliance with the Court's rules and scheduling order.

The *Smith* Plaintiffs are evaluating Mr. Mele's discovery responses.

      **5.**      **Discovery with Defendant Hostetter**

Defendant Hostetter and counsel for the *Smith* Plaintiffs have conferred on the *Smith* Plaintiffs' outstanding discovery requests to him. On October 25, 2023, the Court ordered Defendant Hostetter to provide the *Smith* Plaintiffs with his initial disclosures and to respond to the *Smith* Plaintiffs' April 2023 Request for Production within 14 days. *Smith* ECF 258. The Order stated, "Defendant Hostetter is on notice that continued failure to make initial disclosures or respond to Plaintiffs' discovery requests will result in entry of default judgment against him." *Id.* Defendant Hostetter has agreed to provide the outstanding initial disclosures and responses to the Plaintiffs interrogatories and requests for production by November 1, 2025.

B.  **Campaign Entity Defendants' Discovery Requests**

On September 9, 2025, the *Smith* Plaintiffs and Campaign Entity Defendants submitted a joint status report summarizing various discovery disputes as to which the parties have reached impasse. *Smith* ECF No. 435. Following the submission of the status report, the Court held a conference on September 12, 2025, and a follow-up conference on October 1, 2025.

At the October 1, 2025 hearing concerning the Campaign's discovery disputes with the *Smith* Plaintiffs, the parties and the Court discussed the Campaign's dispute with the *Smith* Plaintiffs' AEO designations. Regarding AEO designations for medical records, counsel for the *Smith* Plaintiffs suggested that attorneys should be able to discuss with clients the nature of the *Smith* Plaintiffs' injuries, even if such information is derived from records designated as AEO. Upon closer review of the Protective Order, this is not the case. The Protective Order does not permit attorneys to discuss with clients information derived from AEO designated materials. *See Smith* ECF No. 294 ¶ 1.d.

The *Smith* Plaintiffs have informed counsel for the Campaign of this limitation in the Protective Order. The *Smith* Plaintiffs and the Campaign are conferring on whether Plaintiffs' designations sufficiently enable counsel to advise their clients.

C.  ***Smith* Plaintiffs' Third-Party Discovery**

    1.  **Enforcement Actions**

The *Smith* Plaintiffs have commenced proceedings to compel productions from Rudolph Giuliani and Caroline Wren. *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.).

In the *Giuliani* matter, the *Smith* Plaintiffs are communicating with counsel for Mr. Giuliani to effectuate Mr. Giuliani's compliance with the court order granting Plaintiffs' motion to

4

compel. *Giuliani* ECF No. 33. The *Smith* Plaintiffs will update the Court as to any additional developments.

In the *Wren* matter, on September 23, 2025, the *Smith* Plaintiffs sent a second letter to Ms. Wren concerning defects in the sufficiency of her production of documents, and requested a response by September 30, 2025. As of September 30, 2025, Ms. Wren had not responded to the letter. The *Smith* Plaintiffs are considering seeking further relief and will update the Court as to any additional developments.

The *Smith* Plaintiffs are also at impasse with respect to a subpoena *duces tecum* issued to non-party Roger Stone. Counsel for Mr. Stone informed the *Smith* Plaintiffs that he consents to this Court considering an impending motion to compel that the *Smith* Plaintiffs intend to file.

### 2.    National Archives and Records Administration

On September 3, 2024, the Court granted the *Smith* Plaintiffs' Motion for a Final Order Issuing a Subpoena to the National Archives and Records Administration ("NARA") and ordered NARA to respond to the *Smith* Plaintiffs' subpoena. *See Smith* ECF No. 324. On November 21, 2024, NARA informed the *Smith* Plaintiffs that it had sent its first notification of potentially responsive records to the representative of then-President Biden and President-elect Trump. In January 2025, NARA informed the *Smith* Plaintiffs that then-President-elect Trump had requested a three-week extension of time to conduct his privilege review beginning on or around January 3, 2025.

On February 5, 2025, NARA informed the *Smith* Plaintiffs that the Biden administration did not respond before President Biden left office on January 20, 2025, and that NARA sent a "formal notification to the new White House Counsel Office on Monday," February 3, 2025, and NARA took the position that the new administration had another 30 days to conduct its privilege review.

5

On March 13, 2025, NARA informed the *Smith* Plaintiffs that the White House Counsel's Office had "extended their review period by 30 days." On April 15, 2025, NARA informed the *Smith* Plaintiffs that the White House Counsel's Office had "requested a 45 day extension, which would expire on May 19." On May 1, 2025, NARA informed the *Smith* Plaintiffs that the White House Counsel's Office had "requested [another] 45 day extension." In response to a July 7, 2025 inquiry from the *Smith* Plaintiffs, NARA informed the *Smith* Plaintiffs on July 8, 2025, that it "expect[ed]" President Trump's "review process to be complete by August 18, 2025." NARA reiterated that timing expectation on July 16, 2025.

On August 22, 2025, the *Smith* Plaintiffs asked NARA for an update on President Trump's ongoing privilege review and an anticipated date of production in response to the *Smith* Plaintiffs' subpoena, which the Court issued on September 3, 2024. On August 25, 2025, NARA informed the *Smith* Plaintiffs that the privilege review was "being finalized" and was expected to be "completed by September 17, 2025." On September 8 and 23, 2025, the *Smith* Plaintiffs followed up to ask NARA for updates on the anticipated production. NARA responded on September 29, 2025, stating that "[t]he deadlines have been extended to October 17, 2025, and NARA expects that [Plaintiffs] will receive a response before that time." The *Smith* Plaintiffs responded the same day, informing NARA that they do not believe there is any reasonable basis for further extension of President Trump's privilege review and inviting NARA to join the October 7, 2025 remote status conference. The *Smith* Plaintiffs respectfully request that the Court direct NARA to produce the responsive records by a date certain.

**II.    Immunity & Westfall Act Substitution**

Defendant Donald J. Trump's pending motions for summary judgment on the ground of Presidential immunity and for reconsideration of the denial of his motion to dismiss on First Amendment grounds are fully briefed. *See Lee* ECF Nos. 144, 145, 152, 154, 171, 174.

6

Plaintiffs' pending motion for judicial notice of certain public records and facts is also fully briefed. *See Lee* ECF No. 153, 172, 181

Briefing is complete on Plaintiffs' motion to strike the government's Westfall Act certification seeking to substitute the United States in place of Defendant Trump as to Plaintiffs' state law claims in certain of the consolidated actions. *See Lee* ECF Nos. 183, 188, 190.

Dated: October 2, 2025

 /s/     Joshua S. Margolin
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

 /s/     Edward G. Caspar
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

 /s/     William J. Blechman
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com

Respectfully submitted,

 /s/     Jason C. Greaves
Jesse R. Binnall, VA022
Jason C. Greaves, DC Bar No. 1033617
Gerald A. Urbanek, Jr. VA191
Jared J. Roberts, *pro hac vice*
BINNALL LAW GROUP
717 King Street Suite 200
Alexandria, VA 22314
Tel: 703-888-1943
jesse@binnall.com
jason@binnall.com
gerald@binnall.com
jared@binnall.com

*Attorneys for Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC*

 /s/     John Daniel Hull, IV
John Daniel Hull, IV, DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-439-6520
jdhull@hullmcguire.com

Ronald Coleman,
COLEMAN LAW FIRM
50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendant Enrique Tarrio*

7

ebh@sperlingkenny.com
jtf@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

  /s/ Noah Brozinsky
Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

  /s/ Mark S. Zaid
Mark S. Zaid, Esq., D.C. Bar No. 440532 Bradley P. Moss, Esq., D.C. Bar No. 975905 MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
90017805 KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com

  /s/    Carolyn A. Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolstewart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

  /s/    Alan Hostetter
Alan Hostetter
*Pro se*

  /s/    Ron Mele
Ron Mele
*Pro se*

8

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

## CERTIFICATE OF SERVICE

I certify that on October 2, 2025, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: October 2, 2025         By:        /s/   *Joshua S. Margolin*
                                          Joshua S. Margolin