IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>      *Defendants*. | Case No. 21-cv-00400 (APM) (lead case)<br><br>*Consolidated with* Case Nos.<br>   21-cv-00586 (APM)<br>   21-cv-00858 (APM)<br>   21-cv-02265 (APM)<br>   22-cv-00010 (APM)<br>   22-cv-00011 (APM)<br>   22-cv-00034 (APM)<br>   23-cv-00038 (APM) |

**JOINT CASE STATUS REPORT**

Pursuant to the Court's October 7 2025, Minute Order, the undersigned parties have conferred and jointly prepared the following Joint Status Report.[1] The United States of America, which has requested to substitute itself in the place of Defendant Donald J. Trump as to certain claims, joins only as to Section II and takes no position as to the rest of the status report.

**I.   Issues Specific to the *Smith* Action**

The discussion below provides updates regarding the status of discovery in the *Smith* action since October 2, 2025. The Joint Status Report filed on October 2, 2025 (*Lee* ECF No. 196; *Smith* ECF No. 438) sets forth the status of discovery as of that date.

---

[1] Plaintiffs sent a draft of this report, via email, to Defendants Donald J. Trump, Donald J. Trump for President Inc., Make America Great Again PAC, Alan Hostetter, Derek Kinnison, Felipe Antonio Martinez, Kelly Meggs, Ronald Mele, Dominic Pezzola, Zachary Rehl, Elmer "Stewart" Rhodes III, Enrique Tarrio, and Erik Scott Warner. Defendants Kinnison, Antonio Martinez, Mele, Pezzola, Rehl, Rhodes, and Warner did not contribute to this report. Plaintiffs also sent a draft of this report to the United States. Plaintiffs do not have email addresses for Defendants Joseph Biggs or Ethan Nordean, and thus did not send them a copy of this draft report. However, Plaintiffs will serve the filed version of the Status Report on these and other Defendants per the Certificate of Service.

A.     *Smith* **Plaintiffs' Discovery Requests**

1.     **Discovery with the Campaign Entity Defendants**

After the parties completed briefing relating to Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC's (the "Campaign Entity Defendants") Motion to Sustain Asserted Privileges, *Smith* ECF Nos. 427, 430, 432, the Court held a hearing regarding Defendant's motion on October 27, 2025. *See Smith* October 23, 2025 Minute Order. The Campaign Entity Defendants submitted documents for *in camera* review on November 18, 2025.

2.     **Discovery with Defendant Tarrio**

On October 20, 2025, the Court rejected Defendant Tarrio's invocation of the Fifth Amendment to excuse himself from producing discovery and granted Plaintiffs' Motion to Compel Defendant Tarrio to Respond to Discovery Requests. *See Smith* October 20, 2025 Minute Order. The Court ordered Defendant Tarrio to supplement his discovery responses by November 10, 2025. Defendant Tarrio did not produce documents nor supplement his responses by the Court-ordered date, and *Smith* Plaintiffs' Counsel contacted Tarrio's Counsel on November 17, 2025 regarding this deficiency. Counsel for Defendant Tarrio indicated that he would send a response by November 21, 2025. To date, *Smith* Plaintiff's Counsel have not received a response from Defendant Tarrio.

3.     **Motion to Compel Defendants Martinez, Warner, Kinnison, Nordean, Biggs, and Meggs to Respond to Discovery Requests and Serve Initial Disclosures**

The Court issued an Order on October 16, 2025, *Smith* ECF No. 443, granting the *Smith* Plaintiffs' Motion to Compel Defendants Martinez, Warner, Kinnison, Nordean, Biggs, and Meggs. The Court ordered Defendants to serve initial disclosures, respond to all outstanding discovery requests and supplement deficient responses by November 6, 2025. *Smith* ECF No. 443. Counsel for the *Smith* Plaintiffs submits that Defendant Meggs provided a production and

supplemental discovery responses on November 7, 2025, and *Smith* Plaintiffs' Counsel are assessing the sufficiency of the response. Counsel for Defendant Meggs submits the following: "On **November 6, 2025** Mr. Meggs retransmitted to Plaintiffs the initial disclosures that his attorney had submitted on October 2, 2023 and which Plaintiffs had falsely claimed multiple times to the Court had never been submitted. On **November 6, 2025** Mr. Meggs submitted the required supplement to Interrogatory 5. At the same time Plaintiffs were notified and advised that the document production requests they sent would not properly format with supplemental answers and defense was having to reformat the expansive production demand from scratch. On November 7, 2025 before sunrise, given the Plaintiffs' demand that the interrogatories signed by Mr. Meggs' attorney on June 3, 2024, while Meggs was imprisoned wasn't good without his signature, those were provided with his signature. Likewise, the supplemented document requests after the extensive clerical work required given what the Plaintiffs had sent (non-Word versions that automatically introduced formatting issues) were provided with links to additional material in a dropbox folder for ease of access by the Plaintiffs. As a note, Plaintiffs subsequently submitted a document to the Court referring to one of the times they made the false claim that Mr. Meggs never provided initial disclosure."

On November 4, 2025, *Smith* Plaintiffs' Counsel sent the Court's October 16 Order by FedEx and email to known addresses for Defendants Martinez, Warner, Kinnison, Nordean, and Biggs.[2] In addition, *Smith* Plaintiffs' Counsel called the Defendants for whom they had a reliable

---

[2] Counsel have mailing addresses for all of these Defendants but only have reliable email addresses for Defendants Martinez and Warner. Counsel have an email address that Defendant Kinnison previously used to communicate with them, but emails sent to that address in recent months have bounced back.

As Counsel noted in the Declaration accompanying the *Smith* Plaintiffs' Motion to Compel, *see Smith* ECF No. 409-2 at 2 n.1, Defendants Martinez, Kinnison, and Nordean's former counsel for

working telephone number. On November 10, 2025, Counsel spoke with Defendant Martinez, who indicated that he was unaware of the Court's Order. Defendant Martinez indicated he would "get back" to Counsel and asked Counsel to email him with additional information. Defendant Martinez confirmed his email address. Shortly after the call, Counsel sent an email to Defendant Martinez, again attaching the Court's October 16 Order. Counsel have not received any correspondence from Defendant Martinez since that date.

On November 17, 2025, Defendant Warner provided written responses to the *Smith* Plaintiffs' Requests for Production, which *Smith* Plaintiffs' Counsel will assess for sufficiency. Defendant Warner has not produced any documents. Additionally, Counsel still have not received Defendant Warner's separate responses to the *Smith* Plaintiffs' First Interrogatory nor his initial disclosures, despite the Court's Order. Counsel will attempt to meet and confer with Defendant Warner on these continuing deficiencies.

As the remaining Defendants have not responded, the *Smith* Plaintiffs now seek the Court's permission to move for appropriate relief from Defendants Martinez, Kinnison, Nordean, and Biggs, under Rule 37(b)(2)(A) for their failure to obey the Court's October 16, 2025 order compelling their cooperation in discovery. In the alternative, the *Smith* Plaintiffs request that the Court issue an order to show cause why a default judgment under Rule 37(b)(2)(A) should not be entered

---

limited purposes never moved to withdraw their appearances. The ECF Notice for the Court's October 16, 2025 Order indicates that the Order was sent via email to these pro se Defendants' former counsel. The *Smith* Plaintiffs are unaware if the Order was mailed to the pro se Defendants at their mailing addresses, which Plaintiffs included in the Local Civil Rule 7(k) appendix of their proposed order, *see Smith* ECF No. 409-1 at 3. As noted above, *Smith* Plaintiffs' Counsel sent a copy of the Court's October 16, 2025 Order to these Defendants on November 4, 2025. Additionally, *Smith* Plaintiffs' Counsel have been serving documents filed by the Plaintiffs to pro se Defendants via USPS.

against Defendants Martinez, Kinnison, Nordean, and Biggs for their failure to obey the Court's order compelling their discovery.

### 4. Discovery with Defendant Hostetter

Defendant Hostetter and Counsel for the *Smith* Plaintiffs have conferred on the *Smith* Plaintiffs' discovery requests to him. On October 25, 2023, the Court ordered Defendant Hostetter to provide the *Smith* Plaintiffs with his initial disclosures and to respond to the *Smith* Plaintiffs' April 2023 Request for Production within 14 days. *Smith* ECF No. 258. Defendant Hostetter has provided responses to the *Smith* Plaintiffs' discovery requests, and *Smith* Plaintiffs are assessing the sufficiency of the responses.

### 5. Discovery with Defendant Rehl

Pursuant to a discovery conference held on May 13, 2025, the Court ordered Defendant Rehl to either produce records or respond to outstanding discovery requests by May 19, 2025. *See Smith* May 13, 2025 Minute Order. *Smith* Plaintiffs' Counsel consider there to be continuing deficiencies in Defendant Rehl's discovery responses. Plaintiffs' Counsel are attempting to confer with Counsel for Defendant Rehl.

## B. Campaign Entity Defendants' Discovery Requests

The *Smith* Plaintiffs and the Campaign continue to confer in good faith to ensure that AEO designations provide the appropriate level of confidentiality protection and sufficiently enable counsel to advise their clients.

## C. *Smith* Plaintiffs' Third-Party Discovery

### 1. Enforcement Actions

The *Smith* Plaintiffs have commenced proceedings to compel productions from Rudolph Giuliani and Caroline Wren. *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.); *Smith et. al. v. Kremer et. al*, 1:21-cv-02265 (N.D. Ga.).

In the *Giuliani* matter, the *Smith* Plaintiffs are continuing to communicate with counsel for Mr. Giuliani to effectuate Mr. Giuliani's compliance with the court order granting Plaintiffs' motion to compel. *Giuliani* ECF No. 33. Counsel for Mr. Giuliani has advised the *Smith* Plaintiffs that they intend to produce responsive documents by Friday, December 5, 2025. The *Smith* Plaintiffs will update the Court as to any additional developments.

In the *Wren* matter, after the *Smith* Plaintiffs' last Status Report, Ms. Wren contacted counsel for *the* Smith Plaintiffs and engaged in a preliminary discussion regarding the scope of her production (she maintains that she produced all responsive documents). On November 21, 2025, the *Smith* Plaintiffs sent correspondence to Ms. Wren addressing specific gaps in her production and seeking information regarding the scope of her search to understand whether she fully complied with the Subpoena. The *Smith* Plaintiffs are hopeful that they will be able to obtain the information they need from Ms. Wren to understand whether she fully complied with the Subpoena without further Court intervention.

On October 14, 2025, the *Smith* Plaintiffs initiated a motion in the Northern District of Georgia, seeking to compel Amy and Kylie Kremer (together, the "Kremers") to (1) produce unredacted version of documents that the Kremers unjustifiably redacted in response to Movants' subpoenas *duces tecum* and (2) provide a privilege log justifying any privilege assertions over information that remains redacted. *Kremer* ECF No. 1. Plaintiffs are working to coordinate service of this motion on the Kremers and will update the court as to any developments.

The *Smith* Plaintiffs are also at impasse with respect to a subpoena *duces tecum* issued to non-party Roger Stone. Counsel for Mr. Stone informed the *Smith* Plaintiffs that he consents to this Court considering an impending motion to compel that the *Smith* Plaintiffs intend to file. The *Smith* Plaintiffs' motion to compel will be forthcoming.

      **2.**      **National Archives and Records Administration**

Since the Court's September 3, 2024 order granting the *Smith* Plaintiffs' Motion for a Final Order Issuing a Subpoena to the National Archives and Records Administration ("NARA") and ordering NARA to respond to the *Smith* Plaintiffs' subpoena, *Smith* ECF No. 324, NARA has notified the *Smith* Plaintiffs of seven extensions granted to President Trump and/or President Trump's Office of White House Counsel and has produced zero documents in response to the subpoena. *See generally Smith* ECF No. 438 at 5-6.

During the October 7, 2025 status conference, the Court instructed the parties to reach out to NARA to schedule a call to the Court, once the Government shutdown ended. On November 18, 2025, Plaintiffs sent an email to NARA advising of the Court's request, copying counsel for the Campaign Entity Defendants, and asking NARA to attend the December 3, 2025 status conference. On November 24, 2025, NARA responded informing the *Smith* Plaintiffs that it would attend the December 3, 2025 status conference.

**II.**    **Immunity & Westfall Act Substitution**

Defendant Donald J. Trump's pending motions for summary judgment on the ground of Presidential immunity and for reconsideration of the denial of his motion to dismiss on First Amendment grounds are fully briefed. *See Lee* ECF Nos. 144, 145, 152, 154, 171, 174.

Plaintiffs' pending motion for judicial notice of certain public records and facts is also fully briefed. *See Lee* ECF No. 153, 172, 181

Briefing is complete on Plaintiffs' motion to strike the Government's Westfall Act certification seeking to substitute the United States in place of Defendant Trump as to Plaintiffs' State law claims in certain of the consolidated actions. *See Lee* ECF Nos. 183, 188, 190. Plaintiffs will be ready for argument on December 19, 2025, as proposed by the Court.

Dated: November 25, 2025

 /s/    Joshua S. Margolin
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

 /s/    Edward G. Caspar
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

 /s/    William J. Blechman
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com
jtf@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

 /s/ Noah Brozinsky
Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005

Respectfully submitted,

 /s/    Jason C. Greaves
Jesse R. Binnall, VA022
Jason C. Greaves, DC Bar No. 1033617
Gerald A. Urbanek, Jr. VA191
Jared J. Roberts, *pro hac vice*
BINNALL LAW GROUP
717 King Street Suite 200
Alexandria, VA 22314
Tel: 703-888-1943
jesse@binnall.com
jason@binnall.com
gerald@binnall.com
jared@binnall.com

*Attorneys for Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC*

 /s/    John Daniel Hull, IV
John Daniel Hull, IV, DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-439-6520
jdhull@hullmcguire.com

Ronald Coleman,
COLEMAN LAW FIRM
50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendant Enrique Tarrio*

 /s/    Carolyn A. Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolsteweart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

Telephone: 202-640-2850  
mkaiser@kaiserlaw.com  
nbrozinsky@kaiserlaw.com  

Philip Andonian, D.C. Bar No. 490792  
Joseph Caleb, D.C. Bar No. 495383  
CALEBANDONIAN PLLC  
1100 H Street N.W. Suite 315  
Washington, D.C. 20005  
Telephone: 202-953-9850  
phil@calebandonian.com  
joe@calebandonian.com  

*Attorneys for Plaintiff Eric Swalwell*

　/s/ *Mark S. Zaid*　　　　　　　　　  
Mark S. Zaid, Esq., D.C. Bar No. 440532  
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.  
1250 Connecticut Avenue N.W. Suite 700  
Washington, D.C. 20036  
Telephone: 202-498-0011  
Facsimile: 202-330-5610  
Mark@MarkZaid.com  
Brad@MarkZaid.com  

Matthew Kaiser, D.C. Bar No. 486272  
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC  
1099 Fourteenth Street N.W. 8th Floor  
Washington, D.C. 20005  
Telephone: 202-640-2850  
mkaiser@kaiserlaw.com  
nbrozinsky@kaiserlaw.com  

Philip Andonian, D.C. Bar No. 490792  
Joseph Caleb, D.C. Bar No. 495383  
CALEBANDONIAN PLLC  
1100 H Street N.W. Suite 315  
Washington, D.C. 20005  
Telephone: 202-953-9850  
phil@calebandonian.com  
joe@calebandonian.com  

*Attorneys for Plaintiff Sandra Garza*

　/s/　*Alan Hostetter*　　　　　　　　  
Alan Hostetter  
*Pro se*

**CERTIFICATE OF SERVICE**

      I certify that on November 25, 2025, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: November 25, 2025        By:      */s/ Joshua S. Margolin*
                                                                      Joshua S. Margolin